

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA:DP/MG
F. #2011R01354

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 26, 2013

By ECF

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. David Olukayode Ojo
                  Criminal Docket No. 13-334

Dear Judge Ross:

        The government respectfully submits this letter in response to the Court's Order of July 25, 2013 regarding the government's proposed jury instruction for Count Two of the Indictment, which charges conspiracy to violate Title 18, United States Code, Section 1028(a)(3).

        As stated in the proposed jury instruction, "the government alleges that the defendant intended to use the false identification documents to obtain money by purporting to be a different individual." The defendant's conduct in this regard was unlawful under both federal and state law. However, as your Honor noted, the Court need not identify the specific law that is violated by a defendant's use of false identity documents where, as here, the defendant is concurrently charged with a separate crime. United States v. Kayode, 254 F.3d 204, 213 (D.C. Cir. 2001). By using the false identification documents to procure money from Western Union that he and his co-conspirators had fraudulently induced victims to send him by wire transfer, as detailed in the Indictment, the defendant committed the crime of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349. Because the jury will be asked to consider the conspiracy to commit wire

fraud charged in Count One at the same time that it considers the conspiracy to commit fraud in connection with identification documents charged in Count Two, the government submits that the jury will be "adequately informed both of 'the uses to which [the defendant] intended to put the identifications' and that the 'intended uses would violate one or more federal . . . laws.'" Id. (quoting United States v. Rohn, 964 F.2d 310, 313 (4th Cir. 1992)).

Additionally, the defendant's conduct also violated state laws. For example, New York State Penal Law § 155 prohibits the crime of larceny, which includes the act of obtaining property by false pretenses.[1] See People v. Zimmerman, 81 N.Y.2d 979 (1993) (holding that where a bank loan officer obtained money from the bank by making material misrepresentations about the financial status of his co-conspirator and bank agents relied upon the misrepresentations, loan officer committed the crime of larceny by false pretenses). Similarly, New Jersey Code of Criminal Justice § 2C:20-4 criminalizes theft by deception, which is committed when one "purposely obtains property of another by deception."[2] See State v. Krueger, 241 N.J.Super. 244, 249-250 (App.Div. 1990) (holding that where a defendant induced Harrah's Hotel to give him gambling chips by falsely representing himself to be "Robert Rogers," he committed the crime of theft by deception).

Accordingly, the Court may properly instruct the jury that the government is alleging that the "defendant intended to use the false identification documents to obtain

---

[1] McKinney's Consolidated Laws of New York § 155.05(1) & (2)(a) states:
> A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof. Larceny includes a wrongful taking, obtaining or withholding of another's property, with the intent prescribed in subdivision one of this section, committed in any of the following ways:
>> (a) By conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, embezzlement, or obtaining property by false pretenses.

[2] New Jersey Code of Criminal Justice § 2C:20-4(a) states, in relevant part:
> A person is guilty of theft if he purposely obtains property of another by deception. A person deceives if he purposely:
>> (a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind . . ..

money by purporting to be a different individual" and that "obtaining money under such false pretenses is unlawful under federal and state law."

             Respectfully submitted,

             LORETTA E. LYNCH
             United States Attorney

       By: /s/_____
            Margaret E. Gandy
            Assistant U.S. Attorney
            (718) 254-6213

cc:  Ephraim Savitt, Esq. (ECF)