SLR:LDM:BGK
F.# 2011R01354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-

DAVID OLUKAYODE OJO,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

13-CR-0334 (ARR)

      WHEREAS, on August 8, 2013, a jury sitting in this District found the defendant DAVID OLUKAYODE OJO guilty of Counts One and Two in the above-captioned Indictment, charging violations of 18 U.S.C. §§ 1343 and 1028(a)(3), respectively;

      WHEREAS, law enforcement agents seized approximately six thousand five hundred and eighty one dollars and no cents ($6,581.00) in United States Currency from the defendant at his arrest on July 11, 2011 in Irvington, New Jersey (the "Seized Currency");

      WHEREAS, the government seeks the entry of a Preliminary Order of Forfeiture forfeiting and condemning the Seized Currency to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B), as property, real or personal, involved in such offenses, or any property traceable to such property; pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 US.C. § 2461(c), as property, real or personal, constituting or derived from proceeds traceable to such violations, and/or 21 U.S.C. § 853(p) as substitute assets; and

WHEREAS, the court finds that the United States has proved by a preponderance of the evidence its entitlement to the entry of an order of forfeiture against the defendant for the Seized Currency.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The defendant shall forfeit all interest in the Seized Currency to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B), 981(a)(1)(C), 28 US.C.. § 2461(c), and/or 21 U.S.C. § 853(p).

2. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website, www.forfeiture.gov, pursuant to Fed. R. Crim. P. 32.2(b)(6), in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Currency as a substitute for published notice as to those persons so notified.

3. Upon entry of this Preliminary Order, the United States Attorney General or his designee is authorized to seize the Seized Currency, to conduct any property discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

4. Any person, other than the defendant, asserting a legal interest in the Seized Currency may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his or her alleged interest in the property, and for an amended of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Currency must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claims or assist others to file or interpose any claims to the Seized Currency in any administrative or judicial proceeding. If the Seized Currency, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Funds not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Seized Currency. The forfeiture of the Seized Currency shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties and/or monies forfeited herein shall be forfeited to the United States for disposal in accordance with law.

9. The Court shall retain jurisdiction of this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Preliminary Order of Forfeiture to the United States Attorney, Eastern District of New York, Attention: FSA Senior Law Clerk William K. Helwagen, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       February 28, 2014

/s/(ARR)

_____
HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK