D/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 10 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                              :

DAVID OJO,                       :

               Petitioner,     :

   -against-             :

UNITED STATES;           :

              Respondents.  :
------------------------------------------------------------ X

13-CR-334 (ARR)
17-CV-1652 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>OPINION & ORDER</u>

ROSS, United States District Judge:

     By <u>pro se</u> petition dated March 22, 2017, David Ojo seeks, pursuant to 28 U.S.C. § 2255, to vacate his conviction by jury on August 8, 2013, of conspiracy to commit wire fraud and conspiracy to commit identification document fraud in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1028(f). Ojo was sentenced principally to a term of thirty-seven months' imprisonment. On November 19, 2015, the Second Circuit Court of Appeals affirmed the conviction, and the Supreme Court denied Ojo's petition for <u>certiorari</u> on March 21, 2016.

     The procedural history and facts of the case – including the evidence adduced at trial and the issues raised and resolved on appeal – have been fairly and accurately summarized in the government's submission in opposition to this petition, <u>see</u> Letter of Assistant United States Attorneys Douglas M. Pravda and Margaret Gandy (April 7, 2017) ("Opp'n"), at 1-3, 13, ECF No. 91.[1] I therefore incorporate the government's recitation of these matters and need not repeat them here.

     Read liberally, Ojo's habeas petition contains four claims. First, he claims ineffective

---

[1]    All ECF numbers refer to the criminal docket, 13-CR-334.

assistance of counsel by his trial counsel. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sent. By a Person in Fed. Custody ("Pet."), ECF No. 90, at *21. Second, Ojo argues that he is entitled to relief because of discrepancies in one of the government's exhibits. Id. at *21-22. Namely, petitioner points out that in an email exchange between a victim of the conspiracy and one of Ojo's confederates, the confederate uses two different email addresses. Id. at *18-19. The petition also alludes to other "unexplained discrepancies and inconsistencies" in this exhibit and alleges a Brady violation relating to this exhibit. Id. at *19, 22. Third, Ojo alleges that the government planted inculpatory evidence on his cellphone. Id. at *19-20. Fourth, Ojo argues that the court should have allowed a second suppression hearing after the case against him was closed for speedy trial concerns and subsequently reopened. Id. at *22. As addressed below, petitioner's claim of ineffective assistance of counsel is patently meritless, and his remaining claims are procedurally defaulted.[2]

## DISCUSSION

### A. Procedural Default

Generally, issues that were or could have been raised on direct appeal may not be pursued collaterally. "First, the so-called mandate rule bars re-litigation of issues already decided on direct appeal." Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (citing Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006); United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993)); see also United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) ("It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" (quoting United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001))). Second, the

---

[2]    To the extent that the petition raises additional grounds for relief, they are denied for substantially the reasons argued in the government's opposition.

procedural default rule "prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice." Mui, 614 F.3d at 54 (citing Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993); Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992)); see also United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011) ("[A] defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").[3]

With the exception of petitioner's ineffective assistance of counsel claim, all of Ojo's grounds for relief were or could have been raised on direct appeal. Specifically, his appellate counsel argued on appeal, first, that the court should have suppressed evidence seized from his car and his statements at arrest – the same evidence discussed in the suppression hearing petitioner now says should have been reopened. Brief of Def.-Appellant, at 49-55, 2d Cir. Dkt. No. 14-635, ECF No. 63. Appellate counsel also asked the Second Circuit to consider arguments raised in pro se letters to the court. Id. at 62. In these letters, petitioner raised the following arguments, which appear in the present petition: his entitlement to reopen the suppression hearing, allegations of prosecutorial misconduct at trial, and alleged inconsistencies in the victim's emails, including alleging a Brady violation with respect to these emails. See, e.g., Appendix, at 312-25, 373-75, 913-15, 926-30, 966-78, 2d Cir. Dkt. No. 14-635, ECF Nos. 56-59. Finally, petitioner submitted a supplemental pro se brief to the Second Circuit. As relevant here, this brief again raised the issue of the email inconsistency, Suppl. Brief of Pro Se Appellant, at 26-31, 2d Cir. Dkt. No. 14-635, ECF No. 88. In sum, the same arguments and facts contained

---

[3]     An exception applies for issues that were not raised on direct appeal "if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." Thorn, 659 F.3d at 231. Ojo has not attempted to make either showing.

3

the present petition were presented – and rejected[4] – on direct appeal, and they are therefore
procedurally barred from consideration on habeas.[5]

### B. Ineffective Assistance of Counsel

Petitioner challenges his conviction on the grounds that he received constitutionally
ineffective assistance from his trial and appellate counsel.[6]  To establish a violation of the Sixth
Amendment right to counsel, petitioner must meet the two-prong test established by Strickland v.
Washington, 466 U.S. 668 (1984).  First, petitioner must demonstrate that counsel's performance
fell below "an objective standard of reasonableness" under "prevailing professional norms."  Id.
at 688.  The court must apply a "strong presumption of competence" and "affirmatively entertain
the range of possible reasons [petitioner's] counsel may have had for proceeding as they did."
Cullen v. Pinholster, 463 U.S. 170, 176 (2011) (internal quotation marks omitted).  Second,
petitioner must demonstrate that "there is a reasonable probability that, but for counsel's

---

[4]     See Summary Order, at 5, 2d Cir. Dkt. No. 14-635, ECF No. 142 (noting that the Circuit
found "no merit in Ojo's other arguments").

[5]     Further, to the extent that petitioner raises new grounds for relief now, all of his
arguments could have been raised on direct appeal, and may not be argued for the first time on
collateral review.

[6]     While ineffective assistance of trial counsel was raised on direct appeal, the Supreme
Court has cautioned against applying a procedural bar to raising ineffective assistance claims.
Masaro v. United States, 538 U.S. 500, 504 (2003) (noting that "in most cases a motion brought
under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").
Applying Masaro, the Second Circuit concluded as follows:

> [T]he only barrier to raising ineffective assistance claims in a Section 2255
> proceeding after raising such claims on direct appeal is the mandate rule, i.e.
> strategies, actions, or inactions of counsel that gave rise to an ineffective
> assistance claim adjudicated on the merits on direct appeal may not be the basis
> for another ineffective assistance claim in a Section 2255 proceeding.

Mui, 614 F.3d at 57.  Because I deny Ojo's ineffective assistance claims on the merits, I do not
consider whether they would be barred by the mandate rule.

4

unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694; <u>see also United States v. Jones</u>, 482 F.3d 60, 76 (2d Cir. 2006). "The likelihood of a different result must be substantial, not just conceivable." <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011). Where multiple errors are alleged, the court must "consider [them] in the aggregate," <u>Lindstadt v. Keane</u>, 239 F.3d 191, 199 (2d Cir. 2001), and evaluate the "cumulative effect of all of [trial] counsel's actions," <u>Rodriguez v. Hoke</u>, 928 F.2d 534, 538 (2d Cir. 1991). Where there is overwhelming evidence of a defendant's guilt, prejudice is even more difficult to prove. <u>See United States v. Reiter</u>, 897 F.2d 639, 645 (2d Cir. 1999) (affirming trial court's conclusion that the evidence was so overwhelming that defense counsel's unprofessional conduct, including frequent absences from trial, did not prejudice defendant). Finally, the court need not address both prongs of the <u>Strickland</u> test if the petitioner makes an insufficient showing on one. <u>See Strickland</u>, 466 U.S. at 697. When "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." <u>Id.</u>

Petitioner argues that trial counsel's representation was constitutionally deficient because he failed to (1) investigate possible defenses; (2) object to unspecified improper questioning and argument by the government; (3) effectively cross-examine the government's witnesses; (4) "prepare . . . or properly advise [p]etitioner about his decision [not] to testify during the trial"; (5) present an alibi defense; (6) take action with respect to alleged misconduct by the prosecutor; and (7) call an unnamed witness to testify. Pet. at *21. Petitioner argues that appellate counsel's representation was deficient because he failed to argue that defense counsel conducted inadequate cross examinations. <u>Id.</u>

With respect to each of these complaints, and all of them in the aggregate, petitioner has

failed to satisfy the second prong of the Strickland test: Petitioner has not demonstrated that

these alleged errors had any impact on the outcome of the case.  First of all, with respect to the

majority of these alleged deficiencies, the petition does not set out enough detail for the court to

determine what error trial counsel allegedly made.  Vague allegations of misconduct do not

satisfy Strickland.  Polanco v. United States, No. 99-CV-5739 (CSH), 2000 WL 1072303, at *10

(S.D.N.Y. Aug. 3, 2000) ("[U]ndetailed and unsubstantiated assertions that counsel failed to

conduct a proper investigation have consistently been held insufficient to satisfy either Strickland

prong." (collecting cases)); see also United States v. Wilson, 146 F. Supp. 3d 472, 481-82

(E.D.N.Y. 2015) (rejecting ineffective assistance claim for failure to call character witnesses in

part because petitioner did not identify those witnesses).

Second, even with respect to those allegations set out in sufficient detail, the petition

nowhere alleges any specific connection between the errors and the outcome of the trial.  Once

again, Strickland requires more specificity with respect to the connection between counsel's

alleged misconduct and the outcome of the trial.  See United States v. O'Neil, 118 F.3d 65, 72-73

(2d Cir. 1997) (affirming district court denial of ineffective assistance of counsel claim that

included a complaint that trial counsel failed to object because the defendant "fail[ed] to identify

any particularly damning evidence that could have been kept out of the trial had [counsel]

objected"); Wilson, 146 F. Supp. 3d at 480 (rejecting ineffective assistance of counsel claim

where the petition "wholly failed to identify any piece of information trial counsel should have

or would have obtained . . . that would have undermined the confidence in the jury's guilty

verdict").

Third, because of the quality of petitioner's representation at trial and the overwhelming

evidence of his guilt adduced by the government, I find that petitioner could not make a showing

6

sufficient under either prong of Strickland. As I noted during the trial, in response to petitioner's request to address the court directly, "I think, Mr. Ojo, you have been very well served in this trial by your lawyer." Trial Tr. 685, ECF No. 79-2. Indeed, petitioner's trial counsel examined each of the government's witnesses and presented a compelling and coherent theory of Ojo's innocence – that he was unaware of his role in a large international scheme. See, e.g., id. 717-38 (defendant's summation). However, as the jury found, the government presented overwhelming evidence that petitioner knew of, and took an active role in, the conspiracy. See id. 687-715 (government's summation); Opp'n at 13 (fairly and accurately recounting evidence against Ojo presented at trial). In light of the overwhelming evidence against him, I cannot conclude that the trial would have had a different result absent the errors alleged in the petition. See Simpson v. United States, No. 12-CV-1271 (SJ), 2016 WL 1249245, at *5 (E.D.N.Y. Mar. 25, 2016) (finding that because "the evidence against [p]etitioner at trial was overwhelming, . . . [p]etitioner ha[d] not affirmatively proved that he ha[d] suffered prejudice as a result of his . . . attorneys' conduct"); Barry v. United States, No. 14-CV-5898(RJD), 2015 WL 3795866, at *2 (E.D.N.Y. June 17, 2015) (holding that overwhelming evidence of defendant's guilt forecloses defendant's "ability to establish that any of counsel's supposed trial errors caused him 'prejudice' within the meaning of Strickland").

Finally, the court notes that it is satisfied that petitioner was properly advised regarding his decision not to testify. After the government rested its case, Mr. Savitt spent approximately forty-five minutes discussing with petitioner whether he wished to testify in his own defense. See Trial Tr. 655-56, ECF No. 79-1. Mr. Savitt reported to the court that he had "quite extensive discussions" with Ojo about this decision and that Ojo had decided not to testify. Id. at 656-57. I then allocuted Ojo about his decision not to testify, as follows:

Case 1:13-cr-00334-ARR   Document 93   Filed 05/10/17   Page 8 of 9 PageID #: 1436

> THE COURT: Mr. Ojo, did you hear what Mr. Savitt just said to me?
> THE DEFENDANT: Yes, Your Honor.
> . . .
> THE COURT: You understand that although most tactical things in the case are up to the lawyer, the decision as to whether or not to take the witness stand is yours, that is your decision.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: So, I just want to make sure that that is your decision.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. You do not want to take the stand.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: You are doing that voluntarily and because you thought it through and discussed it with your lawyer and because you think it is the best thing for you, is that right?
> THE DEFENDANT: Yes, Your Honor.

Id. at 657-58. In light of this record, and particularly Ojo's sworn statements to the court that he fully understood his decision not to testify, I deny his petition on this ground. Cf. United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (the court is "entitled to rely upon the defendant's sworn statements" in enforcing appeal waiver in plea agreement).

Because petitioner's claim that his trial counsel was ineffective is meritless, his claim that appellate counsel should have raised additional arguments regarding trial counsel's effectiveness also fails. See Akosa v. United States, 219 F. Supp. 2d 311, 317 (E.D.N.Y. 2002) (holding that because trial counsel was not ineffective, the petitioner could not demonstrate any prejudice resulting from appellate counsel's failure to challenge the effectiveness of trial counsel).

## CONCLUSION

For the foregoing reasons, the petition is denied in its entirety. Because petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(C)(2), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

8

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated:      May 10, 2017
             Brooklyn, New York